# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL NEWTON MORGAN, | 1:10-CV-00408 OWW SMS HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 12] |
| JAMES HARTLEY, Warden, | ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND[1]

On September 27, 1994, Petitioner was convicted in the Fresno County Superior Court of second degree murder with the use of a firearm. He was sentenced to state prison for a term of fifteen years to life plus two five-year enhancements, with the possibility of parole.

Petitioner filed the instant petition for writ of habeas corpus on March 8, 2010. He challenges the outcome of a parole suitability hearing held on September 4, 2008.

On July 6, 2010, Respondent filed the instant motion to dismiss on the grounds that the allegations are too vague and conclusory to state a claim and establish standing. Petitioner has not filed an opposition.

---

[1] This information is derived from the petition for writ of habeas corpus.

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent moves to dismiss on the grounds that the allegations are too vague and conclusory to state a claim and establish standing.  The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Failure to State a Claim

Pleadings submitted by pro se prisoners are to be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "[H]owever inartfully pleaded," a prisoner's pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Nevertheless, a petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and

|   |   |
|---|---|
| 1 | (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242. |

"'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" See Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (1976 Adoption), *quoting* Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir.1970).  In addition, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.'").

In this case, Petitioner's entire claim for relief is as follows:

> The State courts erred by intimating nexus findings that were not made or articulated by the Board in its denial of parole. It was the Board's duty to correctly apply the law in the parole consideration hearing in conducting a nexus analysis of current dangerousness and explicitly articulate the nexus which it failed to do, violating petitioner's due process and liberty interest in parole by not doing so.

(Pet. at 5.)

Respondent contends the claim is too vague and conclusory to establish standing.  The Court finds Respondent's arguments persuasive, although not to the extent Respondent contends. Based on the above claim and Petitioner's attachment of the hearing transcript, it is fairly obvious to the Court that Petitioner challenges the unsuitability determination by the Board of Parole Hearings at the September 4, 2008, parole suitability hearing.  While it is true that Petitioner does not explicitly reference the 2008 parole hearing, he attaches the entire transcript as Exhibit A and it does occupy 79 pages of the 95-page petition.  As to Petitioner's claim, it is also clear to the Court that Petitioner challenges the state court's decision rejecting his challenge to the parole hearing outcome.  In space provided for his prayer for relief, Petitioner alleges that

1  there is no evidence of current dangerousness, and therefore he should be found suitable for
2  parole. Also from the claim recited above, the Court understands that Petitioner takes issue with
3  the state court's determination of a nexus between its findings and Petitioner's current
4  dangerousness, which apparently the parole board did not do. Therefore, it is not impossible to
5  determine much of the factual and legal basis of the claim, and certainly, the petition is not
6  unintelligible.

7       In any case, the Court agrees with Respondent's complaint that Petitioner's claim is
8  summary in form and lacks necessary facts and law. The Court will direct Petitioner to file an
9  amended petition in order to refine his claim. Petitioner can then point out which "nexus
10 findings" made by the state court were not made by the parole board, and why this is significant.
11 As noted by Respondent, Petitioner only attaches the summary denial by the California Supreme
12 Court, in which no findings were made. Presumably, Petitioner is referring to a decision by the
13 superior or appellate court, but he must state so and explicitly direct Respondent and the Court to
14 the relevant portions of the decision. He must also direct Respondent and the Court to the
15 relevant law on which he relies.

16 <center>ORDER</center>

17      Accordingly, IT IS HEREBY ORDERED:
18      1) Respondent's motion to dismiss the petition is GRANTED; and
19      2) Petitioner is DIRECTED to file an amended petition within thirty (30) days of the date
20 of service of this Order. Failure to do so will result in a recommendation that the petition be
21 dismissed and the case be terminated.

24 IT IS SO ORDERED.
25 **Dated:**   **August 24, 2010**       /s/ Sandra M. Snyder
26                                   UNITED STATES MAGISTRATE JUDGE